UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 11-CV-11547-RGS

MATTHEW GABRIEL, f/k/a MATTA GHOBREYAL,

v.

ALBANY COLLEGE OF PHARMACY
AND HEALTH SCIENCES, et al.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS TO DISMISS

January 3, 2011

STEARNS, D.J.

Plaintiff Matthew Gabriel, f/k/a Matta Ghobreyal (Gabriel), brought this Complaint against the Albany College of Pharmacy and Health Sciences' (College), ten individuals employed by the College as professors or administrative personnel, and the Accreditation Council for Pharmacy Education (ACPE)[1], alleging common-law breach of contract and discrimination in violation of Title VII of the Civil Rights Act of 1964.[2]

---

[1] ACPE is a private, independent, not-for-profit national agency charged with the accreditation of programs in pharmacy such as the program at Albany College of Pharmacy and Health Sciences.

[2] Gabriel filed the Complaint on September 1, 2011, claiming that, as a result of the defendants' wrongful acts, he has suffered psychological and emotional distress, and physical illness. *See* Compl. ¶ 21. He claims damages of $15,330.00 in itemized academic expenses, plus $20,000 in "Living Expenses," $100,000 in "Lost Wages,"

Gabriel's claims arise from a student disciplinary charge and the penalty levied against him for alleged plagiarism in connection with a classroom assignment while a student at the College's Vermont campus. The ACPE, and the College, together with Dorothy Pumo, Ronald A. DeBellis, Robert Hamilton, Joanna Schwartz, Jason Long, James J. Gozzo; John Denio; Dr. Peter J. Cornish, Gail Goodman Snitkoff, and Gerald Katzman (the ten individual defendants), all move to dismiss Gabriel's claims. Because Gabriel has filed this action in an improper venue, the defendants' motion will be <u>ALLOWED</u>.

When confronted with a motion to dismiss based on improper venue under Fed. R. Civ. P. 12(b)(3), the burden is on the plaintiff to demonstrate that the action was brought in an appropriate forum. *See Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085, 1086 (1st Cir. 1979). In his Complaint, Gabriel asserts that this court has jurisdiction under the diversity statute, 28 U.S.C. § 1332, as the parties are from different states.[3] Gabriel states that he is a "resident of North Attleboro, Bristol

---

and $1 million in "Psychological Damages." *Id*. ¶ 39.

[3] Gabriel's claim under Title VII does not trigger federal question jurisdiction as the claim is not viable as a matter of law. Under Title VII, it is unlawful "for *an employer* . . . to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(2) (emphasis added). As Gabriel does not allege that he was an employee of the College, an action under Title VII does not lie. Notwithstanding, for our purposes the venue analysis under § 1391(a) for diversity jurisdiction, or § 1391(b) for

County, Massachusetts;" that ACPE "is a resident of Chicago, Illinois;" and that the College, "represented by the named individuals, is a resident of Albany, New York." Compl. ¶ 2.

Venue in a diversity case is proper only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). It is undisputed that none of the defendants, personal or corporate, reside in Massachusetts. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). The events recited in Gabriel's claims as giving rise to his claims occurred at the Vermont campus of Albany College in Colchester, Vermont, and perhaps tangentially, in the College's administrative offices in Albany, New York.

Consequently, at least one, and possibly two districts offer a proper venue – the

---

federal question jurisdiction leads to the same outcome.

District of Vermont, and the Northern District of New York. Because this action could have been brought in Vermont or New York, the fallback provision of § 1391(a)(3) does not apply. *See* 14D Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3806.2 (3d ed. 2002) ("[T]he general venue statute contains a fallback provision that can be used when, and only when, there is no district in which a case otherwise could be brought in accordance with the venue statutes."); *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 n.4 (1st Cir. 2001) ("We turn to the third alternative only in the event that the first two provisions fail to provide an appropriate forum.").

ORDER

Because venue is not proper in Massachusetts, defendants' motion to dismiss and the Complaint pursuant to Fed. R. Civ. P. 12(b)(3) is <u>ALLOWED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE